Maximilian D. Cadmus
Lauren B. Cooper
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
*Attorneys for Defendant*
*Wakefern Food Corp.*
Email: mcadmus@bakerdonelson.com
Phone: (609) 490-4847

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEXIS SCHOTTENSTEIN, on behalf of herself and all others similarly situated, <br><br> *Plaintiff*, <br><br> - v. - <br><br> WAKEFERN FOOD CORP., <br><br> *Defendant*. | Civil Action No. <br><br> **NOTICE OF REMOVAL** <br><br> [Case originally filed in the Supreme Court of New York, Index No. 656002/2025] <br><br> *Document Electronically Filed* |

TO:    Tammi M. Hellwig
       Clerk of the Court
       United States District Court
       Southern District of New York
       U.S. Courthouse
       500 Pearl Street
       New York, New York 10007

       Blake Hunter Yagman
       **Spiro Harrison & Nelson LLC**
       40 Exchange Place, Suite 1100
       New York, New York 10005
       Email: byagman@shnlegal.com
       Phone: (202) 557-1221

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wakefern Food Corp. ("Wakefern") hereby removes the above-captioned civil action, and all claims and counterclaims therein, from the Supreme Court of the State of New York, Commercial Division, to the United States District Court for the Southern District of New York (the "Notice"). In support of the Notice, by and through its attorneys Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., Wakefern states as follows:

## I.    BACKGROUND

1.    On or about September 16, 2025, Plaintiff filed a Complaint against Wakefern in the Supreme Court of the State of New York, Commercial Division (the "Complaint"). The action was docketed in that court under Index No. 656002/2025. *See* Complaint, attached as **Exhibit A**.

2.    The Complaint alleges that Wakefern's use of biometric facial identification technology to deter theft and shoplifting constitutes unjust enrichment and is a violation of New York City's biometrics law and the state of New York's privacy statutes and consumer protection law. *See* **Exhibit A.**

## II.    TIMELINESS OF REMOVAL

3.    Service on Wakefern was effectuated on September 19, 2025.

4.    Pursuant to 28 U.S.C. § 1446(b)(2)(B), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons…to file the notice of removal."

5.    Because the Notice is being filed on October 17, 2025, less than 30 days after Wakefern was served with Plaintiff's Complaint, it is timely pursuant to 28 U.S.C. § 1446(b)(2)(B).

### III.    JURISDICTION

6.    This Court has subject matter jurisdiction over this action on two independent bases.

7.    First, this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, ("CAFA"). 28 U.S.C.A. § 1332(d)(2).

8.    CAFA grants jurisdiction to this Court for any matter in which the amount in controversy exceeds $5,000,000 and in which any member of the class of plaintiffs is a citizen of a state different from any defendant. *See Metcalf v. TransPerfect Translations Int'l, Inc.*, 632 F. Supp. 3d 319, 325 (S.D.N.Y. 2022) (noting CAFA confers federal jurisdiction over class actions where "minimal diversity" exists between the parties and "the aggregate amount in controversy exceeds $5 million" (citation omitted)).

9.    Removal under CAFA is appropriate because the amount in controversy exceeds $5,000,000 based on the allegations in the Complaint. Although Plaintiff does not state a specific amount in controversy, Plaintiff alleges that class members are entitled to $5,000 for every alleged "violation" of New York City's biometrics law against them. If Plaintiff's allegation were true (which Wakefern does not concede and, in fact, expressly denies), the amount in controversy would exceed $5,000,000 even if only 1,000 customers had visited the stores since Wakefern first implemented AI facial recognition technology in 2019. *See Jean-Louis v. Carrington Mortgage Servs., LLC*, 849 Fed. App'x 296, 299 n.15 (2d Cir. 2021) ("[A] defendant's notice of removal [regarding amount in controversy] need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold . . . ." (second alteration in original) (quoting *Dart Cherokee Basin Operating Co.*, 574 U.S. 81, 89 (2014)). Thus, this threshold requirement is met based on the allegations in the Complaint.

10.     Removal under CAFA is also appropriate because there are members of the class that are citizens of different states than Wakefern. Plaintiff sues on behalf of a class made up of "all natural persons in the State of New York who had their facial recognition data collected at Defendant's retail stores." Complaint ¶ 62. This class of Plaintiffs, as alleged, would be comprised, at minimum, of citizens of the State of New York. Wakefern, on the other hand, is a citizen of the State of New Jersey because it is a New Jersey corporation with its principal place of business in New Jersey. *See McElroy v. Gemark Alloy Refining Corp.*, 592 F. Supp. 2d 508, 510 n.1 (S.D.N.Y. 2008) ("For diversity purposes, a corporation is a citizen of both the state of its incorporation and the state where it maintains its principal place of business."). As a result, the minimal diversity requirement under CAFA is met.

11.     Second, in addition to jurisdiction under CAFA, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because, as detailed above, the parties are completely diverse, *see Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (noting that 28 U.S.C. § 1332 requires "complete diversity" (citation omitted)), and the amount in controversy exceeds $75,000. *See Sanderson v. Horse Cave Theatre 76*, 881 F. Supp. 2d 493, 503 (S.D.N.Y. 2012) (An action qualifies for diversity jurisdiction as long as evidence does not show to a "legal certainty" that the amount sought falls below $75,000 jurisdiction threshold.).

12.     If the class of Plaintiffs is comprised solely of "all natural persons in the State of New York" as alleged in the Complaint, then there is complete diversity among Plaintiffs, and Wakefern, a citizen of New Jersey.

## IV.     VENUE

13.     Venue is proper in the Southern District of New York because it is where a substantial portion of the events or omissions giving rise to the claims occurred, and because it

encompasses New York County, which is where Plaintiff filed her original Complaint in the Supreme Court of the State of New York, Commercial Division. *See* 28 U.S.C. §§ 1391(a), 1391(b)(2), 1441(a), and 112.

## V.   NOTICE

14.   A copy of this Notice of Removal will be promptly served on Plaintiff through her counsel and filed with the Clerk of the Supreme Court of the State of New York, Commercial Division. 28 U.S.C. § 1446(d).

## VI.   CONCLUSION

15.   For the reasons set forth above, Wakefern respectfully requests that this action be removed from the Supreme Court of the State of New York, Commercial Division to the United States District Court for the Southern District of New York.

Respectfully Submitted,

*s/ Maximilian D. Cadmus*
Maximilian D. Cadmus
Lauren B. Cooper
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

*Attorneys for Defendant
Wakefern Food Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2025, I served a copy of the foregoing *Notice of Removal* electronically via CM/ECF to all parties/attorneys on the list to receive service/notice in this case, including but not limited to the following:

Blake Hunter Yagman
**Spiro Harrison & Nelson LLC**
40 Exchange Place, Suite 1100
New York, New York 10005
Email: byagman@shnlegal.com
Phone: (202) 557-1221

*s/ Maximilian D. Cadmus*
Maximilian D. Cadmus