UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ALEXIS SCHOTTENSTEIN, on behalf of
herself and all others similarly situated,

                Plaintiff,

        -against-                           25-cv-8635 (LAK)

WAKEFIELD FOOD CORP.,

                Defendant.
------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/25

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Count I of the complaint alleges that defendant "secretly collects and shares biometric data."[1] The complaint acknowledges, however, that defendant discloses its use of facial recognition technology on signage displayed at store entrances.[2] In her memorandum in opposition to defendant's motion to dismiss, plaintiff argues that the signage was misleading by omission.[3] Plaintiff's claim therefore rests, at least in part, on the text of the signage, which is not included in the complaint.

        The complaint does, however, cite a news article dated March 10, 2023, that contains

---

[1] Dkt 1-1 ¶ 77.

[2] *Id.* ¶ 53.

[3] Dkt 12 at 11.

a picture of a sign at one of defendant's stores.[4]  The pictured sign states the following:

> The Business collects, retains, converts, stores, or shares customers' biometric identifier information, which is information that can be used to identify or help identify you.  Examples of biometric identifier information are eye scans and voiceprints.

Absent objection by November 26, 2025, the Court will take judicial notice of the fact that the signage at defendant's store entrances contain the above quoted language.[5]

SO ORDERED.

Dated:      November 19, 2025

_____
Lewis A. Kaplan
United States District Judge

---

[4] Dkt 1-1 ¶ 53 n.23 (citing Kashmir Hill, *Which Stores are Scanning Your Face? No One Knows*, N.Y. Times (Mar. 10, 2023), https://www.nytimes.com/2023/03/10/technology/facial-recognition-stores.html).

[5] *See* Fed.R.Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").