

281 WITHERSPOON ST
FLOOR 3
PRINCETON, NJ 08540

PHONE:    609.490.4860
FAX:        732.242.8051

www.bakerdonelson.com

MAXIMILIAN CADMUS, SHAREHOLDER
**Direct Dial**: 609-490-4847
**E-Mail Address**: mcadmus@bakerdonelson.com

November 26, 2025

**<u>VIA ECF</u>**

Hon. Lewis A. Kaplan, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
200 Worth Street
New York, New York 10007

> Re:    *Alexis Schottenstein, on behalf of herself and all others similarly situated v. Wakefern Food Corp.*
> Civil Action No. 1:25-cv-08635 (LAK)(HJR)

Dear Judge Kaplan:

This firm represents Defendant Wakefern Food Corp. ("Wakefern") in the above-referenced matter. I write regarding the Court's November 19, 2025 Order (ECF No. 15) (the "Order"), in which the Court indicates that it will take judicial notice that the following language is posted on signs in the *Fairway*® stores referred to in the Complaint, specifically:

> The Business collects, retains, converts, stores, or shares customers' biometric identifier information, which is information that can be used to identify or help identify you. Examples of biometric data are eye scans and voice prints.

The above-quoted language accurately depicts the signage posted at the *Fairway*® stores referenced in the complaint to the best of Wakefern's knowledge. This signage discloses that customers' biometric identifier information is being collected, retained, converted, stored, or shared, as required by N.Y.C. Rules, tit. 6, ch. 8, § 8-01 ("[A] commercial establishment covered by such section must post a sign … that discloses if customers' biometric identifier information is being collected, converted, stored or shared.").

The Complaint alleges that Wakefern owns and operates these stores. For purposes of the motion to dismiss, Wakefern credited Plaintiff's factual allegation as true, in accordance with the standard under Federal Rule of Civil Procedure 12(b)(6). However, should discovery proceed in this case, it will show that Wakefern does not own the *Fairway*® stores referred to in Plaintiff's

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MARYLAND • MISSISSIPPI • NEW JERSEY • NORTH CAROLINA • SOUTH CAROLINA • TENNESSEE • TEXAS • VIRGINIA • WASHINGTON, D.C.

Hon. Lewis A. Kaplan, U.S.D.J.
November 26, 2025
Page 2

Complaint. Rather, these stores are owned and operated by one of Wakefern's 50+ cooperative members, which member licenses the right to use the *Fairway*® banner from Wakefern. These members are separate entities. In short, the stores at issue are not "Wakefern stores."

In sum, Wakefern does not object to the Court taking judicial notice that this language is posted at the *Fairway*® stores referenced in the Complaint. We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/S/Maximilian Cadmus*
Maximilian Cadmus

cc:    All Counsel of Record (via ECF)